KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Douglas Nordstrom, | No. CV 11-2344-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

On November 29, 2011, Plaintiff Scott Douglas Nordstrom, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the filing fee. In a January 18, 2012 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 10, 2012, Plaintiff filed his First Amended Complaint (Doc. 5). The Court will dismiss the First Amended Complaint and this action.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1  A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

. . .

1  **II.    First Amended Complaint**

2      In his one-count First Amended Complaint, Plaintiff sues the following Defendants:
3  Arizona Department of Corrections ("ADOC") Director Charles L. Ryan, Warden A. Ramos,
4  and Correctional Officer II F. Hawthorne.

5      Plaintiff alleges that his First, Sixth, and Fourteenth Amendment rights were violated
6  when Defendant Hawthorne read Plaintiff's letter to his attorney even though that letter was
7  marked as legal mail. Plaintiff claims that when it became obvious that Defendant
8  Hawthorne was reading Plaintiff's letter, rather than simply scanning it for contraband as
9  required by ADOC policy, Plaintiff informed Defendant Hawthorne that he was prohibited
10 from reading Plaintiff's legal mail and Defendant Hawthorne responded that Plaintiff "was
11 not in a position to tell [Defendant Hawthorne] how to do his job."

12     Plaintiff's grievances and grievance appeals on the issue were denied. Plaintiff
13 alleges that Defendant Ryan informed him that "staff are not prohibited from reading such
14 documents to the extent necessary to establish the absence of contraband . . . and ensure the
15 content of the mail is of legal subject matter." Plaintiff makes no factual allegations against
16 Defendant Ramos.

17     Plaintiff finally claims that the reading of his legal mail to check for the presence of
18 contraband violates his right to access to the courts, right to free speech, and right to
19 communicate confidentially with his attorney.

20     Plaintiff seeks declaratory and injunctive relief and money damages.

21 **III.   Failure to State a Claim**

22     Outgoing legal mail sent by prisoners may only be opened in the presence of the
23 sending inmate, whether the correspondence relates to criminal or civil matters. Ramos v.
24 Lamm, 639 F.2d 559, 582 (10th Cir. 1980).

25     To the extent that Plaintiff claims his right of access to the courts was violated by
26 Defendant Hawthorne's reading of Plaintiff's legal mail in Plaintiff's presence, Plaintiff has
27 failed to allege that Defendant Hawthorne's conduct resulted in an actual injury. As a matter
28 of standing, for an access-to-courts claim, a plaintiff must show that he suffered an "actual

- 3 -

1 injury" with respect to contemplated litigation.   Lewis v. Casey, 518 U.S. 343, 349 (1996);
2 Lewis v. Cook County Bd. of Com'rs, 6 Fed. Appx. 428, 430 (7th Cir. 2001) (plaintiff could
3 not prevail when he did "not describe a single legal case or claim that was in any way
4 thwarted because the mail room staff opened his legal mail.").  Plaintiff does not have a First
5 Amendment right that prohibits a guard from opening his mail in his presence and reading
6 it with an eye to determining if it advances illegal conduct.  Stanley v. Vining, 602 F.3d 767,
7 770 (6th Cir. 2010); Lavado v. Keohane, 992 F.2d 601, 609 (6th Cir. 1993) ("The law has
8 not 'established that . . . reading [properly marked legal mail] in inmates' presence violated
9 constitutional rights in and of itself.").

10     To the extent Plaintiff claims Defendant Hawthorne's conduct violated his right to
11 counsel, Plaintiff has also failed to state a claim.

> In order to state a § 1983 cognizable claim for deprivation of right to counsel, there must be some allegation indicating an interference with the prisoner's relationship with counsel.  In order to state such a claim there must be something more than an allegation that a guard 'read' his 'legal mail' in his presence and that he was offended or believed this act to be a violation of a state prison regulation.

16 Stanley, 602 F.3d at 770.

17     Although Plaintiff alleges that Defendant Hawthorne's actions interfered with his
18 ability to communicate confidentially with his attorney, Plaintiff has not demonstrated how
19 this one-time occurrence impacted the attorney-client relationship.  Plaintiff also claims that
20 Defendant Ryan has implemented a policy of allowing staff to read inmate's legal mail, but
21 Plaintiff has not alleged that his outgoing legal mail was read (rather than simply examined
22 for contraband) on more than one occasion.  This is insufficient to demonstrate a policy.
23 Further, the written policy which allows staff to scan legal mail for contraband or illegal
24 activity is consistent with First Amendment caselaw, as noted above.   Accordingly, these
25 allegations also fail to state a claim.

26     Plaintiff has also failed to state a First Amendment claim for loss of free speech.  "[A]
27 prison inmate retains those First Amendment rights that are not inconsistent with his status
28 as a prisoner or with the legitimate penological objectives of the corrections system."  Pell

- 4 -

1 v. Procunier, 417 U.S. 817, 822 (1974); see also Clement v. Cal. Dep't of Corr., 364 F.3d
2 1148, 1151 (9th Cir. 2004) (*per curiam*).  A regulation that impinges on First Amendment
3 rights "is valid if it is reasonably related to legitimate penological interests." Turner v.
4 Safley, 482 U.S. 78, 79 (1987); see also Beard v. Banks, 548 F.3d 521, 528 (2006).
5 Legitimate penological interests include "the preservation of internal order and discipline,
6 the maintenance of institutional security against escape or unauthorized entry, and the
7 rehabilitation of the prisoners." Procunier v. Martinez, 416 U.S. 396, 412 (1974).
8       As noted above, the reading of an inmate's legal mail, in the inmate's presence, to
9 check for the presence of contraband or illegal activity is the type of regulation allowed for
10 the purpose of maintaining institutional security.
11       Plaintiff has failed to state a claim in the First Amended Complaint.  The Court will
12 therefore dismiss the First Amended Complaint.

13 **IV.  Dismissal without Leave to Amend**

14       "Leave to amend need not be given if a complaint, as amended, is subject to
15 dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).  The
16 Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously
17 been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States,
18 90 F.3d 351, 355 (9th Cir. 1996).  Repeated failure to cure deficiencies is one of the factors
19 to be considered in deciding whether justice requires granting leave to amend. Moore, 885
20 F.2d at 538.
21       The Court finds that further opportunities to amend would be futile.  Therefore, the
22 Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to
23 amend.

24 **IT IS ORDERED:**

25     (1) Plaintiff's First Amended Complaint (Doc. 5) and this action are **dismissed** for
26 failure to state a claim, and the Clerk of Court must enter judgment accordingly.
27     (2) The Clerk of Court must make an entry on the docket stating that the dismissal
28 for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

1 | . . .

2 |       (3)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 26th day of March, 2012.

_____
David G. Campbell
United States District Judge

- 6 -