1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Scott Douglas Nordstrom, | No. CV-11-02344-PHX-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Plaintiff has filed a motion for attorneys' fees and non-taxable expenses. Doc. 106. The motion is fully briefed, and oral argument will not aid in the Court's decision. Fed. R. Civ. P. 78(b); LRCiv 7.2(f). The Court will grant the motion in part.

**I.  Legal Standards.**

A party requesting an award of attorneys' fees and non-taxable expenses must show that it is (a) eligible for an award, (b) entitled to an award, and (c) requesting a reasonable amount. *See* LRCiv 54.2(c). Under the general fee-shifting provision for federal civil rights cases, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "[A] court's discretion to deny fees under § 1988 is very narrow and . . . fee awards should be the rule rather than the exception." *Herrington v. Cty. of Sonoma*, 883 F.2d 739, 743 (9th Cir. 1989) (internal quotation marks omitted).

To determine the reasonableness of requested attorneys' fees, federal courts

generally use the "lodestar" method. *See Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *United States v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 755 (9th Cir. 2011). The Court must first determine the initial lodestar figure by taking a reasonable hourly rate and multiplying it by the number of hours reasonably expended on the litigation. *Blanchard*, 489 U.S. at 94 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court next "determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). "These factors are known as the *Kerr* factors." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). Such an adjustment is appropriate "only in rare or exceptional circumstances." *Cunningham v. City of L.A.*, 879 F.2d 481, 488 (9th Cir. 1988).[1]

**II. Discussion.**

**A. Fees and Expenses for Attorneys.**

Plaintiff requests $40,602.60 in attorney's fees and $640.20 in non-taxable expenses for attorney David Lane. Doc. 106 at 6. Plaintiff requests $73,781.10 in attorney's fees and $436.17 in non-taxable expenses for attorney Gregory Sisk. *Id.* at 7. These figures include requested fee enhancements based on two factors not subsumed in the initial lodestar calculation: superior performance and providing an incentive for attorneys to take civil rights cases that seek only declaratory or injunctive relief. Doc. 106 at 11-13 (citing *Kelly*, 822 F.3d at 1102). Defendant concedes that these fee requests, including the enhancements, are appropriate. Doc. 111 at 1-2. The Court agrees and will award the requested fees for Mr. Lane and Mr. Sisk.

**B. Fees and Expenses for the University of St. Thomas.**

Plaintiff requests $105,073.25 in attorneys' fees and $5,717.80 in non-taxable expenses for the University of St. Thomas. Doc. 106 at 7. The requested attorneys' fees

---

[1] Defendant does not rely on *Kerr* factors to challenge Plaintiff's fee request. Doc. 111. The Court nonetheless concludes that the fee award accurately reflects all of the relevant factors, including relevant *Kerr* factors.

include $68,182.70 for law-student work (376.7 hours billed at an hourly rate of $181). *Id.* Defendant argues that an hourly rate of $181 for law students is unreasonable. Doc. 111 at 2-5.

Reasonable hourly rates are not determined by the rates actually charged in a case, but "by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995) (internal quotation marks omitted); *see also Blum v. Stenson*, 465 U.S. 886, 895 (1984) ("'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community"). The relevant community is generally the forum in which the district court sits. *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010).

Plaintiff proposes $181 as an hourly rate that strikes a balance between average billable rates for paralegals and junior attorneys in Arizona. Doc. 106 at 16-17. According to Arizona State Bar Association data, these rates were $105 for paralegals in 2013 and $226 for junior attorneys in 2016. Doc. 107 ¶ 31. Although the average of those two figures is $165.50 (Doc. 112 at 10), Plaintiff requests a rate of $181 to compensate the University of St. Thomas for the delay in payment and reflect the significant contributions these students made to briefing and oral argument before the Ninth Circuit. Doc. 106 at 16-17; Doc. 107 ¶¶ 31-32.[2]

Defendant counters that an hourly rate of $181 is excessive for law students. Doc. 111 at 2-5. Defendant relies on decisions that awarded or noted an award of fees at much lower rates, but none of those cases addressed current rates in the Arizona market. *See id.* at 3 (citing *Kelly*, 822 F.3d at 1093 (noting that the district court permitted a $65 hourly rate for law students in an Idaho case); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) ($75 hourly rate for law student in a California case); *Covington v. District of Columbia*, 57 F.3d 1101, 1106 (D.C. Cir. 1995) (noting that the district court

---

[2] Plaintiff argues for the first time in his reply brief that the law students' academic qualifications justify the $181 hourly rate. Doc. 112 at 12. The Court will not consider an argument made for the first time in a reply brief. *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007).

permitted a $70 hourly rate for law students in a Washington, D.C., case)).

Defendant next argues that the purpose of fee awards in civil rights cases is to attract attorneys who would otherwise be unlikely to take such cases. Doc. 111 at 4. An award of fees for law-student work, Defendant argues, does not serve this purpose. *Id.* Defendant cites no case that has denied fees for law students on this ground, and experienced lawyers likely are attracted to cases where they receive significant research and briefing support from law students. Defendant cites no case for the proposition that a law school may not be compensated for its efforts to organize and support such a clinic, and this Court recently has awarded fees to a law school clinic. *See Puente Ariz. v. Penzone*, No. CV-14-01356-PHX-DGC, 2017 WL 4805116, at *2 (D. Ariz. Oct. 25, 2017) (awarding fees to law school clinic under 42 U.S.C. § 1988(b)).

Defendant also argues that a fee award for law-student work is only appropriate for students acting as employees of some entity, such that their work on the case represents a decision to devote limited personnel resources. Doc. 111 at 4. Defendant cites two cases that awarded fees for student-interns, *id.* (citing *Kelly*, 822 F.3d at 1093; *Nadarajah*, 569 F.3d at 918), but those cases did not hold that law students must be employed by an organization to justify a fee award.

The Court finds that $181 is too much for students who have not graduated from law school or passed the full bar exam. In a recent decision concerning appropriate hourly rates for law students who had contributed significantly to briefing and in-court argument, the Court found $125 per hour to be reasonable. *Puente*, 2017 WL 4805116, at *2. The Court reaches the same conclusion here. The Court finds the work of the law students in this case to be comparable to the work performed in *Puente*, and is not persuaded by Plaintiff's averaging of rates, particularly when the $226 hourly rate used to calculate the average includes lawyers who have been in practice for up to five years. Reducing the requested fee for the students' work by 30.93% (representing the percentage reduction from $181 to $125 per hour) results in a reduction of $21,095.20 in the fees sought by the University of St. Thomas.

**C. Conclusion.**

The Court will award $40,602.60 in attorney's fees and $640.20 in non-taxable expenses for attorney David Lane, $73,781.10 in attorney's fees and $436.17 in non-taxable expenses for attorney Gregory Sisk, and $83,978.05 in attorneys' fees and $5,717.80 in non-taxable expenses for the University of St. Thomas.

**IT IS ORDERED:**

1. Plaintiff's motion for attorneys' fees and non-taxable expenses (Doc. 106) is **granted in part** as set forth above.

Dated this 2nd day of April, 2018.

_____
David G. Campbell
United States District Judge